# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

LEONARD WIMBERLY, JR.,

    Plaintiff,

v.

DEAN BROOME; NURSE GAIL FERRA; and NURSE MARTHA MIDDLETON,

    Defendants.

CIVIL ACTION NO. 6:15-cv-23

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Broome's Motion to Dismiss. (Doc. 15.) For the following reasons, I **RECOMMEND** that the Court **DISMISS** Defendant Broome's Motion as moot and without prejudice.

## BACKGROUND

Plaintiff filed this action against Defendants Dean Broome, Gail Ferra, and Martha Middleton on March 4, 2015. (Doc. 1.) Defendant Broome is the Director of the Medical Department at Georgia State Prison, where Plaintiff is incarcerated, and Defendants Ferra and Middleton are nurses at the prison. (Id. at p. 4.) In his original Complaint, Plaintiff alleged that Defendants denied him access to necessary medical care. Specifically, Plaintiff alleged that he has notified all three Defendants since November of 2013 that he has unbearable pain in his right leg, hip, and thigh area, and Defendants have denied him necessary medical care for this serious condition. (Id. at p. 5.)

On September 4, 2015, with permission of the Court, Plaintiff amended his Complaint. (Doc. 9.) Plaintiff reiterated his allegations that Defendants ignored his leg and hip condition

despite direct knowledge of his unbearable pain. The Court conducted a frivolity review of Plaintiff's Complaint on December 9, 2015. (Doc. 12.) Therein, the Court found that Plaintiff's Complaint, as amended, stated a claim for relief that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Id. at pp. 5–6.) Thus, the Complaint and Amended Complaint were served on Defendants.

On January 27, 2016, Defendant Broome moved to dismiss Plaintiff's Complaint, as amended, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) Broome alleged that Plaintiff failed to plead a claim for deliberate indifference. (Id. at pp. 3–6.) Defendant Broome also alleged that he is entitled to qualified immunity. (Id. at pp. 6–7.)

On March 3, 2016, Plaintiff moved to amend his Complaint, (doc. 20), and the Court granted that Motion, in part, on March 4, 2016, (doc. 21). Plaintiff filed his Second Amended Complaint on March 21, 2016. (Doc. 22.) Therein, he reiterates and clarifies his deliberate indifference claims against all Defendants. Id.

## DISCUSSION

Given the Court's ruling on the motion to amend and the Plaintiff's subsequent amendment, the Court should deny Defendant Broome's pending Motion to Dismiss as moot. Plaintiff's amended complaint supersedes the original complaint. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); Varnes v. Local 91, Glass Bottle Blowers Ass'n, 614 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Indeed, the Court's Order granting Plaintiff leave to amend forewarned Plaintiff that his Second Amended Complaint would supplant his prior Complaints. (Doc. 21.) "Further, the

amended complaint renders moot the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Geathers v. Bank of Am., N.A., No. 1:14-CV-00850, 2015 WL 348852, at *2 (N.D. Ga. Jan. 26, 2015) (citing Renal Treatment Ctrs.-Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M. D. Fla. Feb.14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); Mizzaro v. Home Depot, Inc., No. Civ. A. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint)). Mootness is particularly applicable in this case where Defendant Broome challenges the substance and sufficiency of Plaintiff's allegations. These challenges would be affected by Plaintiff's amendment to the factual basis for his claims, whereas a defense based on lack of jurisdiction or failure to exhaust administrative remedies may not.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Defendant Broome's Motion to Dismiss **AS MOOT** and without prejudice. The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any

objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff and Defendant Broome.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA