# IN THE UNITED STATES DISTRICT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

LEONARD WIMBERLY, JR.,

    Plaintiff,

v.

DEAN BROOME; NURSE GAIL FERRA; and NURSE MARTHA MIDDLETON,

    Defendants.

CIVIL ACTION NO. 6:15-cv-23

## O R D E R

This matter comes before the Court on Plaintiff's failure to provide the Court with a proper address for service upon Defendant Nurse Gail Ferra. For the reasons and in the manner set forth below, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendant Ferra.

### BACKGROUND

Plaintiff, who is currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Docs. 1, 9, 22.) On December 9, 2015, the Court ordered the United States Marshal to serve Defendants Dean Broome, Martha Middleton, and Gail Ferra with this action. (Doc. 11, pp. 1, 7, 8.) Subsequently, Defendants Broome and Middleton filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 23.) The Court denied that Motion on July 18, 2016. (Doc. 34.) However, the United States Marshal has not served Defendant Ferra. The Marshals Service returned service as to Defendant Ferra on July 13, 2016, (doc. 33), but the Notice indicates that the Marshals Service only mailed the Complaint to GSP

and that someone at GSP notified the Marshals Service that Defendant Ferra no longer worked there. Id.[1]

## DISCUSSION

Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (dismissal was proper where prisoner, proceeding *in forma pauperis* in a Section 1983 action, failed to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (*pro se in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (overturning dismissal for failure to serve where

---

[1] A similar return was filed as to Defendant Middleton. (Doc. 32.) However, Defendant Middleton appeared in the case on March 23, 2016. (Doc. 23.) Further confusing the picture of service in this case, the docket entry for Ferra's Return of Service does not indicate that it was not executed or that service was otherwise unsuccessful.

service ineffective at address provided by the attorney general but plaintiff sought to conduct additional discovery); Brooks v. Munoz, No. 10CV0277 JAH(NLS), 2010 WL 2523939, at *1 (S.D. Cal. June 21, 2010) (ordering deputy attorney general assigned to case to provide court with address where defendant could be served).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendant Ferra may be served. He provided an address where he believed Ferra may be served but has no other information. (Doc. 1, p. 4.) Additionally, given security concerns regarding prison staff, Plaintiff would not likely be able to obtain Defendant Ferra's personal address for service. Given these extenuating circumstances, the Court **ORDERS** the United States Marshal to make a reasonable effort to locate Defendant Nurse Gail Ferra and to personally serve her with the following: the summons in this case, Plaintiff's Complaint, (doc. 1), Amended Complaint, (doc. 9), and Second Amended Complaint, (doc 22), as well as this Order, and Documents Numbered 12 and 17. Moreover, the Court finds good cause to extend the time period for service to December 31, 2016. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure [to timely serve the complaint], the court must extend the time for service for an appropriate period."). By that date, the Marshal shall update the Court on his efforts to serve Defendant Ferra.

The Court expects that the Marshal's efforts to serve Defendant Ferra will include contacting representatives of the Georgia Department of Corrections, and/or the Georgia Attorney General's Office to obtain Defendant Ferra's last known addresses. Accordingly, the Court **ORDERS** those entities to provide the United States Marshal with Defendant Ferra's last known address and any other information they may have regarding Defendant Ferra's whereabouts. Additionally, given the inherent security concerns surrounding Defendant Ferra's

personal information, the United States Marshal shall not publicly disclose any information regarding Defendant Ferra's residence or location and shall redact any such information from any materials filed on the docket in this case.

## CONCLUSION

For reasons and in the manner set forth above, the Court provides additional assistance to Plaintiff to achieve service in this case. This assistance is an extraordinary remedy employed only due to the facts of this case. Such assistance has not been and will not be the regular practice of this Court. Further, Plaintiff is forewarned that he ultimately has the responsibility for serving Defendants, and, if these efforts are unsuccessful, the Court will dismiss this case. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.").

**SO ORDERED**, this 6th day of December, 2016.

                                          _R. Stan Baker_
                                          R. STAN BAKER
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA