# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

LEONARD WIMBERLY, JR.,

    Plaintiff,

v.

DEAN BROOME; NURSE GAIL FERRA; and NURSE MARTHA MIDDLETON,

    Defendants.

CIVIL ACTION NO. 6:15-cv-23

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Gail Ferra's Motion to Dismiss, (doc. 49), Plaintiff's Motion to Appoint Counsel, (doc. 41), and Motion to Introduce Witnesses, (doc. 42). For the following reasons, I **RECOMMEND** that the Court **DENY** Defendant Ferra's Motion to Dismiss. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel and Motion to Introduce Witnesses. The Court also sets forth deadlines which shall govern this case which the parties are urged to read and follow.

## BACKGROUND

Plaintiff filed this action against Defendants Dean Broome, Gail Ferra, and Martha Middleton on March 4, 2015. (Doc. 1.) Defendant Broome is the Director of the Medical Department at Georgia State Prison ("GSP"), where Plaintiff is incarcerated, and Defendants Ferra and Middleton were nurses at the prison. (Id. at p. 4.) In his original Complaint, Plaintiff alleged that Defendants denied him access to necessary medical care. Specifically, Plaintiff alleged that he notified all three Defendants beginning in November of 2013 that he has

unbearable pain in his right leg, hip, and thigh area, and Defendants denied him necessary medical care for this serious condition. (Id. at p. 5.)

On September 4, 2015, with permission of the Court, Plaintiff amended his Complaint. (Doc. 9.) Plaintiff reiterated his allegations that Defendants ignored his leg and hip condition despite direct knowledge of his unbearable pain. The Court conducted a frivolity review of Plaintiff's Complaint on December 9, 2015. (Doc. 12.) Therein, the Court found that Plaintiff's Complaint, as amended, stated a claim for relief that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Id. at pp. 5–6.) Thus, the Court ordered that the United States Marshal serve Plaintiff's Complaint and Amended Complaint on Defendants. (Doc. 11.)

On February 9, 2016, the Court granted Defendant Broome's Motion to Stay due to Broome having moved to dismiss Plaintiff's Complaint. (Doc. 19.) Therein, the Court ruled that "all proceedings, including discovery are stayed." (Id. at p. 2.) Subsequently, Plaintiff filed a Second Amended Complaint, (doc. 22), which Defendants Broome and Middleton also moved to dismiss, (doc. 23). Ultimately, the Court denied Defendants Broome and Middleton's Motion to Dismiss on July 18, 2016. (Doc. 34.) However, the Court did not enter a scheduling notice or otherwise affirmatively indicate that the stay in the case was lifted. In the interim, Plaintiff filed a number of pleadings including a Motion to Appoint Counsel and a Motion to Introduce Witnesses.

Throughout this period, Defendant Ferra was not served with Plaintiff's Complaint and Amendments. The Marshals Service returned service as to Defendant Ferra on July 13, 2016, (doc. 33), but the Notice indicates that the Marshals Service only mailed the Complaint to GSP and that someone at GSP notified the Marshals Service that Defendant Ferra no longer worked

2

there. (Id.)[1] Accordingly, on December 6, 2016, the Court ordered that the United States Marshal make reasonable efforts to locate Defendant Nurse Gail Ferra and to personally serve her with this action. (Doc. 44.) In that Order, the Court held that "Plaintiff has not entirely ignored his obligation to provide a current address where Defendant Ferra may be served." (Id. at p. 3.) Importantly, the Court found "good cause to extend the time period for service to December 31, 2016." (Id. at p. 3 (citing Fed. R. Civ. P. 4(m)).)

The United States Marshal Service personally served Defendant Ferra with this action on December 9, 2016. (Doc. 45.) Defendant Ferra, through counsel, answered the Complaint, as amended, (doc. 48), and filed the instant Motion to Dismiss, (doc. 49), on December 29, 2016.

**DISCUSSION**

**I. Defendant Ferra's Motion to Dismiss (Doc. 49)**

**A. Motion to Dismiss for Untimely Service**

Plaintiff's obligation to timely serve the Complaint is governed by Federal Rule of Civil Procedure 4(m), which, at the time that Plaintiff filed this action, provided,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

Good cause for failure to timely serve "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (alterations omitted) (quoting

---

[1] A similar return was filed as to Defendant Middleton. (Doc. 32.) However, Defendant Middleton appeared in the case on March 23, 2016. (Doc. 23.) Further confusing the picture of service in this case, the docket entry for Defendant Ferra's Return of Service does not indicate that it was not executed or that service was otherwise unsuccessful.

[2] Rule 4(m) now provides 90 days for service upon a defendant.

3

Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Further, "[t]he serving party bears the burden of proof with regard to its validity or good cause for failure to effect timely service." Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008) (citing Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Defendant Ferra is correct that she was not served within the 120 day window of Rule 4(m). However, as contemplated by the Rule, this Court already found good cause to extend the time for Ferra to be served to December 31, 2016. (Doc. 44, p. 3.) Ferra has not moved for reconsideration or otherwise objected to that ruling. In fact, Ferra's Motion to Dismiss inexplicably makes no mention of the ruling. Because Ferra was served in the time provided by the Court, the claims against her are not due to be dismissed. Moreover, Ferra's Motion requests that the Court dismiss the claims against her "with prejudice." (Doc. 49, p. 3.) However, by the plain text of Rule 4(m), dismissal based on that rule must be "without prejudice." Fed. R. Civ. P. 4(m).

In her Motion to Dismiss, Ferra also largely ignores or misapprehends Plaintiff's status as a prisoner proceeding *in forma pauperis* and the Marshals Service's role in effecting service. For example, Ferra argues that Plaintiff "made no attempt to serve Ferra" between March of 2015 when he filed suit and December of 2015 when the Court ordered service after frivolity review. (Doc. 49, p. 4.) However, it was not Plaintiff's responsibility to actually effect service. Rather, under 28 U.S.C. § 1915(d), "the officers of the Court shall issue and serve process" when a Plaintiff is proceeding *in forma pauperis*. Moreover, pursuant to 28 U.S.C. § 1915A, the Court had to screen Plaintiff's Complaint and its amendments for frivolity before any effort at service could be made. Equally perplexing is Ferra's argument that Plaintiff "waited until December [of 2016] to provide the USMS with fees necessary to attempt service on Ferra." (Doc. 49, p. 4.)

Plaintiff has not paid any fees to the Marshal Service for serving the Complaint, because, like any party proceeding *in forma pauperis*, he is not required to prepay fees and costs. Indeed, his inability to prepay such costs formed the basis of his *in forma pauperis* Motion. (Doc. 2.)

Even if the Court had not already extended the time for Defendant Ferra to be served, good cause exists for such an extension. As discussed in the Court's December 6, 2016, Order, Plaintiff provided information where he thought Ferra could be served. Furthermore, even if Plaintiff received a copy of the Return of Service, the notation on the Return of Service did not make clear that the Marshals Service were unable to reach Ferra. (Doc. 33.) While the notation included the words "negative results," it also stated that someone signed for the certified mail. (Id.) The confusion was only exacerbated by the fact that the same notation was made on Defendant Middleton's Return of Service but then Middleton answered the Second Amended Complaint.

Additionally, Plaintiff faced barriers to timely service inherent in his incarceration. For example, given the security concerns surrounding prison employees' personal information, including their residential addresses, Plaintiff could not obtain location information for Defendant Ferra. Moreover, it was reasonable for Plaintiff to rely upon the United States Marshal Service to find and serve Defendant Ferra when the Court had ordered the Marshal Service to do so. Indeed, it does not appear that the Court or the Marshals Service provided Plaintiff with any notice regarding the Marshal Service's efforts to locate Ferra until the Court's December 6, 2016, Order. The Marshals Service served Ferra three days after that Order.

For all of these reasons, the Court should **DENY** Plaintiff's Motion to Dismiss for failure to effect timely service.

**B. Motion to Dismiss for Failure to Prosecute and Follow a Court Order**

The Court should also reject Defendant Ferra's argument that the claims against her should be dismissed due to Plaintiff's failure to prosecute and follow the Court's Orders. This Court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

Defendant Ferra seeks the more difficult to obtain remedy of a "with prejudice" dismissal for Plaintiff's alleged failure to prosecute and his disobedience to the Court's Orders. (Doc. 49, p. 3.) In support of that request, she again relies upon Plaintiff's "inexplicable delay" in serving her with this action.[3] (Doc. 49, pp. 5–6.) However, as laid out above, a proper understanding of Plaintiff's status as an *in forma pauperis* litigant and the history of the filings in this case reveals that the delay in serving Ferra is not due to any indolence or disregard, much less willful contempt, by Plaintiff. Furthermore, Plaintiff's other actions in this case reveal that he has diligently pursued his claims against Defendant Ferra. Consequently, the Court should **DENY** Ferra's Motion to Dismiss for Failure to Prosecute and Follow a Court Order.

Ferra rightly points out that the delay in serving her has resulted in a delay in this litigation and in her participation in the other parties' early discovery efforts. However, for much of the pendency of this case, discovery has been stayed at Defendants Broome and Middelton's requests. Furthermore, dismissal of Plaintiff's claims would only compound the current inefficiency. Because Ferra has not established a clear record of delay or willful contempt by Plaintiff, any dismissal would be without prejudice. Thus, Plaintiff would then

---

[3] Ferra argues that because Plaintiff "obtained service on both Broome and Middelton," he should have been able to do the same as to her. Of course, Plaintiff did not serve Broome and Middelton, the Marshals Service did so. Plaintiff provided the Marshals Service the same information regarding those Defendants as Broome and Middelton.

likely bring a separate lawsuit against Ferra. Rather than creating such piecemeal litigation, the Court will employ the far better remedy of allowing for additional discovery as laid out below.

**II.     Scheduling Order**

The following deadlines shall control the future litigation of this action. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause. The parties are reminded to review the Court's instructions contained in the Court's December 9, 2015, Order including the direction that they should not file discovery materials with the Court.

- The parties shall complete all discovery in this case, including any interrogatories, request for production of documents, depositions, and third-party discovery on or before **May 18, 2017**.

- Plaintiff must furnish any expert witness reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) on or before **February 27, 2017**.

- Defendants must furnish the expert witness reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) on or before **March 29, 2017**.

- The parties must file any dispositive motions, including *Daubert* motions but excluding motions in limine on or before **April 21, 2017**.

### III. Plaintiff's Motion to Appoint Counsel (Doc. 41)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of

counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## IV. Plaintiff's Motion to Introduce Witnesses (Doc. 42)

Through his Motion to Introduce Witnesses, Plaintiffs asks that the Court "put into records the introduction of" six witnesses Plaintiff "plans to use for [this case]." (Doc. 42.) It is not clear what relief Plaintiff seeks through this Motion. To the extent Plaintiff seeks discovery about or from these witnesses, he must pursue that discovery absent Court intervention as instructed in the Court's December 9, 2015 Order. (Doc. 12, pp. 9–10.) If Plaintiff is seeking to subpoena these witnesses for trial, no trial has been scheduled in this case. Accordingly, the Court **DISMISSES** Plaintiff's Motion.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DENY** Defendant Ferra's Motion to Dismiss. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel and Motion to Introduce Witnesses.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff and Defendant Broome.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA