# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

LEONARD WIMBERLY, JR.,

    Plaintiff,

v.

DEAN BROOME; GAIL FERRA; and MARTHA MIDDLETON,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-23

## **O R D E R**

This matter comes before the Court on Defendant Ferra's Notice of Videotaped Deposition of Kathryn Wild, (the "Notice"), (doc. 118), and Defendant Ferra's Emergency Motion to Approve Plaintiff's Access to Evidentiary Deposition by Remote Means, (the "Motion"), (doc. 119). Defendant Ferra explains she is "securing the out-of-state evidentiary deposition of her expert [Ms. Wild] in order to preserve the expert's testimony for use of trial" because Ms. Wild "is unavailable to appear" for the trial that begins on September 25, 2018. (Doc. 119, pp. 1–2.)

Defendant Ferra references her most recent motion for continuance, (doc. 112), wherein she explained Ms. Wild will be in Australia from September 19 through October 8, 2018. (See Doc. 119, p. 1; Doc. 112.) Defendant Ferra does not state the purpose of Ms. Wild's travel to Australia. (See Docs. 112, 118, 119.) Further, the Court previously accommodated Ms. Wild's travel plans when it granted Defendant Ferra's initial request for continuance of the pretrial conference and trial so Ms. Wild could take "a cruise in the Mediterranean" from June 11–25, 2018. (See Docs. 95, 100.)

"[P]arties who delay in taking a needed deposition and who assume that a district court will draw (when the [Federal Rules of Civil Procedure] do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions [*i.e.*, between a discovery deposition and a trial deposition] assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date." Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002).

Here, the discovery period closed more than one year ago, and defense counsel previously represented Ms. Wild would be available for the upcoming trial. (Doc. 54, p. 8; Doc. 95, p. 2.) Additionally, Defendant Ferra delayed approximately four weeks from denial of her most recent motion to continue before filing the Notice and Motion. While the Court could deny the motion outright for these reasons, it prefers a full adjudication on the merits and thus **GRANTS** the Motion, (doc. 119), subject to the following conditions.

Ms. Wild may testify live at trial by contemporaneous video and audio transmission from Australia, *i.e.*, by live video conference. In the alternative, Ms. Wild may sit for a deposition in advance of trial at the United States District Court located at 600 James Brown Boulevard, Augusta, Georgia 30901. Ms. Wild may attend this deposition by video conference.[1] With respect to both options, Defendant Ferra assumes all burdens and risks including but not limited to Ms. Wild being unable to testify because of any technological difficulties. The Court shall not grant a continuance based upon Ms. Wild being unable to testify for any reason. See Local R. 40.2 (S.D. Ga.).

On or before 2:00 p.m. tomorrow, August 16, 2018, Defendant Ferra shall file a notice with the Court specifying which of the two above options she has elected. For the deposition

---

[1] Unless the parties stipulate otherwise, Plaintiff and Defendants (and/or their respective counsel) must attend this deposition in person at the aforementioned courthouse.

option, Defendant Ferra shall also, by this same deadline: (1) file a deposition notice specifying the date and time of the deposition; and (2) contact the Court's Department of Computer Services ("DCS") in Augusta to provide all information necessary to establish the video conferencing link. The Court shall make arrangements for Plaintiff's transport to the Court for the deposition.

The courthouse is equipped with video conferencing equipment. However, Defendant Ferra is responsible for securing a court reporter and a means to record the audio and video of the deposition for playback at trial. If Defendant Ferra chooses the first option of the expert testifying live at trial by video conference, she will be responsible for making all necessary arrangements and coordinating with the Court's DCS.

**SO ORDERED**, this 15th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA